Manuel OLBERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–613–CR.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1993.

Jesus L. Santos, Sinton, for appellant.

Thomas L. Bridges, Dist. Attorney's Office, Sinton, John Gilmore, Asst. Dist. Atty., Portland, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

Appellant, Manuel Olbera, was indicted for delivery of less than 28 grams of cocaine. On appeal, he asserts that his placement in a restitution center is an unreasonable condition of probation. We affirm the trial court's order.

On July 6, 1990, appellant pleaded nolo contendere to delivery of a controlled substance and was sentenced to ten years' confinement and assessed a $2,500 fine. Appellant was placed on probation for a period of ten years. He successfully completed Boot Camp (Alternative Incarceration Program, TEX.CRIM.PROC.CODE ANN. article 42.12, section 8(a) (Vernon Supp.1993)) and the residential portion of the Coastal Bend Regional Restitution Center. With two weeks remaining in the intensive supervision phase of the restitution center program, appellant failed a urinalysis test. In an unrelated offense, he was arrested for possession and use of marijuana on or about July 27, 1991.

At the revocation hearing, appellant expressed his desire not to return to the Restitution Center because of his belief that he could not work with the probation

department. He preferred to be sent to the penitentiary or to Boot Camp.[1] The judge revoked his prior probation, and again sentenced appellant to Boot Camp. The judge suggested that, upon completion of Boot Camp, appellant complete a long-term treatment program at the Nueces County substance abuse treatment facility. Appellant expressed his dissatisfaction with this decision. He orally expressed his wish to appeal the September 30, 1991, decision by the trial judge, but the appeal was not perfected.

On October 22, 1991, the Alternative Incarceration Program health services staff diagnosed appellant with hypertension and determined that appellant was ineligible under their guidelines for admission into the Boot Camp program. On November 15, 1991, after appellant's return from Boot Camp, the court held a hearing and suspended appellant's commitment to prison and placed him on regular probation for ten years. The conditions of probation included evaluation at the Court Residential Treatment Center, and a term at the Coastal Bend Regional Restitution Center. Appellant expressed his wish to appeal because he did not like the court's decision. He stated that he would refuse to go and that it would not be beneficial to him to complete another term at the Restitution Center.

Appellant's sole point of error is that the condition of probation placing him in the Restitution Center was unreasonable.[2] Pursuant to TEX.CRIM.PROC.CODE ANN. article 42.12, section 18 (Vernon Supp.1993), a judge that places a defendant on probation as an alternative to imprisonment may require as a condition of probation that the defendant serve a term of not less than three months or more than 12 months in a restitution center. Accordingly, it was wholly within the trial judge's discretion to require appellant to serve a term in the Coastal Bend Regional Restitution Center, regardless of the fact that he had completed a term before his first probated sentence was revoked. Appellant's point of error is overruled.

The decision of the trial court is AFFIRMED.

---

1. The irony of appellant's appeal has not escaped this Court. That a defendant would request a prison term instead of probation bespeaks the inadequacies of our current prison system. After weighing the pros and cons, criminal defendants prefer prison over probation programs which seek to rehabilitate them. Terms of probation are burdened with conditions and supervision that many criminal defendants would rather avoid, particularly when, as a condition of probation, they are required to remain in a restitution center under closely supervised conditions. Conversely, with good time, a defendant serves only a fraction of his or her term of incarceration, followed by release on parole with minimal conditions of release and supervision. Until we have a penal system in Texas in which a convicted felon serves a substantial portion of his sentence, our criminal justice system will continue to encounter difficulties when encouraging defendants to participate in non-prison rehabilitation programs which may actually work to eliminate many of the causes contributing to the high rate of recidivism in our State.

2. Appellant's court-appointed counsel has filed a certificate of counsel asserting that, after searching the record and researching the law, he has found no reversible error and that he is of the opinion that the appeal is without merit and frivolous. Furthermore, the State agrees in its reply brief that appellant's appeal is frivolous.